Kirk Pinkerton, PA
Steven W. Teppler, Esq.
240 So. Pineapple Avenue
Sarasota, FL 34236
(941) 364-2410 (Phone)
steppler@kirkpinkerton.com E-Mail

GORDON E. R. TROY, PC
Gordon E. R. Troy
3333 Lake Road
PO Box 368
Charlotte, VT 05445
(802) 881-0640 Phone
(646) 588-1962 Fax
gtroy@webtm.com E-mail

*Attorneys for Plaintiff,* Mio, LLC.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| Mio, LLC,<br><br>    Plaintiff,<br><br>        v.<br><br>Valentino's of America, Inc.,<br><br>    Defendant. | Case No. _____ |

### COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT
### AND DEMAND FOR JURY TRIAL
### INJUNCTIVE RELIEF SOUGHT

Plaintiff Mio, LLC (hereinafter "Plaintiff"), by and through its attorney, Gordon E. R. Troy, PC, for its complaint against Valentino's of America, Inc. ("hereinafter "VOA"), states and alleges as follows:

## NATURE OF ACTION AND RELIEF SOUGHT

1.  This action seeks a declaratory judgment of non-infringement by Plaintiff's restaurants, "Valentino Pizzeria Trattoria," located in the State of Florida, on Defendant VOA's federally registered trademark, "Valentino's," U.S. Reg. No. 1210075 (the "'075 Mark"), on one or more of the following grounds: first, that Plaintiff's use of "Valentino Pizzeria Trattoria" in its restaurants was adopted in good faith and derives from the surname of the restaurants' owner, Michael T. Valentino; second, that the '075 Mark has ceased to function as an indicator of source because it has been abandoned through a course of acts and omissions by Defendant; and third, that in reaching its decision in Concurrent Use Proceeding 94001027, the Trademark Trial and Appeal Board should have restricted the registrations of the parties, including Defendant's '075 Mark, to their actual areas of use, thus leaving the State of Florida and other parts of the United States granted to no one, as far as federal registration goes.

## PARTIES

2.  Plaintiff Mio, LLC, is a limited liability company existing under the laws of the State of Florida, with its principal place of business at 4045 Clark Road, Sarasota, FL 34233.

3.  Upon information and belief, defendant VOA is a Nebraska corporation with its principal office address at 2601 South 70 Street, Lincoln, NE 68506, and its registered agent, A. Michael Alesio, at the same address.

## JURISDICTION AND VENUE

4.  Jurisdiction is proper in this court because this litigation arises under 15 U.S.C. § 1051 *et seq.* (the "Lanham Act"). This Court has jurisdiction over this action under 15 U.S.C. § 1121 (original jurisdiction on matters arising under the Lanham Act), 28 U.S.C. §§ 1331 (federal

question), 28 U.S.C § 1338(a) (trademarks), and 28 U.S.C. §§ 2201(a) and 2202 (Declaratory Judgment Act).

5.      This Court has personal jurisdiction over Defendant because Defendant has caused a consequence in the State of Florida by threatening litigation against Plaintiff based on one or more of its federally registered trademarks.

6.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1391(c) and because a substantial part of the events giving rise to this claim for declaratory relief and the subject matter thereof occurred within the Middle District of Florida.

7.      An actual case or controversy has arisen between the parties by virtue of a letter dated July 25, 2012, sent from Defendant's counsel to Plaintiff, advising Plaintiff, *inter alia*, that Defendant had allegedly

> recently become aware that your business is using the name and service mark, "Valentino" and "Valentino Pizzeria Trattoria" to offer restaurant services that, like our client's Valentino's restaurants, offer pizza and other Italian food... Please be advised that should Valentino's of America, Inc., move forward with its plans to expand into the region, it will demand that you immediately cease all use of the name and service mark "Valentino," "Valentino Pizzeria Trattoria," or any name or mark confusingly similar thereto, as its federal registrations give it superior rights to the "Valentino's" mark and your continued use of the name and service mark "Valentino" or "Valentino Pizzeria Trattoria" would create a likelihood of confusion in violation of the Lanham Act."

## GENERAL ALLEGATIONS

8.      Plaintiff restates and realleges the allegations contained in Paragraphs 1 through 7 of this Complaint as if fully set forth herein.

9.      The managing member of Plaintiff and the proprietor and head chef of Plaintiff's restaurants is Michael T. Valentino ("Mr. Valentino").

10. Plaintiff has been in business as *Valentino Pizzeria Trattoria* in Sarasota, Florida, since July 5, 2005, and has maintained the website, http://www.valentinopizzeria.com, since February 2006. In addition, Plaintiff recently opened a second restaurant in University Park, a nearby Sarasota suburb.

11. Plaintiff chose the name of its restaurant, "Valentino Pizzeria Trattoria" in good faith on the basis that "Valentino" is Mr. Valentino's surname.

12. Up until March of 2008, Plaintiff was completely unaware of the existence of Defendant and only became aware of Defendant after Plaintiff attempted to register his name as a trademark with the United States Patent & Trademark Office ("PTO") and was refused on the basis that "Valentino" is primarily merely a surname and that the applied-for mark so resembled the registered marks of Defendant as to be likely to cause confusion, mistake or deception.

13. Despite Plaintiff's attempt to register his surname as a trademark in 2008, Plaintiff's area of trade is in fact limited to the Middle District of Florida, and, in particular, the area in and around Sarasota, Florida.

14. Plaintiff would never suggest and has never suggested that it has an association with Defendant, and would never adopt and has never adopted any designs, trade dress or other indicia suggesting an affiliation with Defendant.

15. Plaintiff's website exists to serve is clientele, not to compete with Defendant.

16. Consumers in the Sarasota area have never heard of Defendant or its restaurants or franchises, but associate "Valentino Pizzeria Trattoria" solely with Plaintiff.

17. Upon information and belief, Defendant does not own, operate, franchise or offer to franchise restaurants in the State of Florida.

18. Upon information and belief, Defendant owns and/or operates restaurants in the states of Nebraska, Iowa, North Dakota, Minnesota, Kansas and South Dakota, and offers franchising opportunities in Nebraska, Iowa, Kansas, Missouri, Colorado and Wyoming.

19. Upon information and belief, in addition to Plaintiff's two restaurants, there are at least seven other restaurants in the State of Florida serving pizza and Italian food which use "Valentino" or "Valentino's" in their names, and none of those restaurants are owned, operated, franchised or licensed by Defendant.

20. Upon information and belief, there are scores, if not hundreds of pizzerias and restaurants throughout the United States, including but not limited to the states of New York, Connecticut, Massachusetts, New Jersey, Pennsylvania, Virginia, Ohio, Florida, Tennessee, Georgia and California, bearing the name "Valentino" or a "Valentino's," without any license or other grant of rights from Defendant or any of the other owners of registered VALENTINO trademarks.

21. Were Plaintiff forced to change its name, it would cause a substantial financial and business hardship for Plaintiff.

### ALLEGATIONS REGARDING CONCURRENT USE PROCEEDING 94001027

22. Plaintiff restates and realleges the allegations contained in Paragraphs 1 through 21 above as if fully set forth herein.

23. On July 17, 1995, the Trademark Trial and Appeal Board ("TTAB") initiated Concurrent Use Proceeding 94001027 (the "TTAB Proceeding") between one of Defendant's predecessors-

in-interest, Val Limited, Inc. and Zum Ritter Corporation. Eventually, six trademarks registrations and applications were involved in the TTAB Proceeding, four of them owned by Defendant, one owned by Zum Ritter, Inc. of Santa Monica, CA, and one owned by Valentino Las Vegas, LLC. (Zum Ritter, Inc. and Valentino Las Vegas, LLC, are sometimes hereinafter jointly referred to as the "LVV Parties." The six "Valentino" registrations are sometimes hereinafter collectively referred to as the "Valentino Marks.")

24. On August 30, 2010, the TTAB issued a decision (the "2010 Decision") finding "sufficient" the settlement agreement negotiated between the parties to the TTAB Proceeding (the "Settlement Agreement") and further finding, *inter alia*, that (a) "under the circumstances of this case, concurrent use by the parties of their involved marks will not, in fact, be likely to cause confusion.... In making this determination, the Board has taken into account not only the provisions of the agreement and the actual geographic restrictions of the areas of use, but also the voluntary entrance by the parties into [the Settlement Agreement]..." and (b) "the different restrictions in the application and registrations of Valentino's of America Inc.'s do not overlap with the scope of the geographic rights claimed by the other parties." A copy of the 2010 Decision is attached hereto as Exhibit 1.

25. According to the Settlement Agreement, a copy of which is attached hereto as Exhibit 2,

   (a) Defendant owns the mark "Valentino's" throughout the entire United States except for Clark County, NV and Los Angeles, Orange and Ventura counties, California (the "VOA Territory");

   (b) Defendant agreed not to use "Valentino's" or any variation thereof outside the VOA Territory, except that in Clark County, NV, the Settlement Agreement provides that Defendant "shall own the mark 'Valentino's' for use in connection with 'TMD's Valentino's' and also owns the mark 'Valentino's' alone against third parties no party to this agreement;"

(c) Zum Ritter owns the mark "Valentino" in Los Angeles, Orange and Ventura counties, California (the "Zum Ritter Territory");

(d) Valentino's Las Vegas owns the park "Piero Selvaggio Valentino" in Clark County, NV; and

(e) The LVV Parties agreed not to use "Valentino" or anything confusingly similar in the VOA Territory.

26. Based on the Settlement Agreement, the TTAB restricted the geographical scope of Defendant's '075 and '072 Marks, and permitted registration of three additional VALENTINO trademarks (U.S. Reg. 3991393, 3032955 and 4007848), bringing the total number of the VALENTINO registrations to six:

| STYLIZED MARK | WORD MARK | OWNER | REG. NO. / REG. DATE | CLASS | FIRST USE |
|---|---|---|---|---|---|
| | VALENTINO'S | Valentino's of America, Inc. (Lincoln, NE) | 1210075 9/21/1982* | 42 | 7/00/1957 |
| [stylized Valentino's logo] | | Valentino's of America, Inc. (Lincoln, NE) | 1210072 9/21/1982* | 42 | 27/11/1975 |
| | VALENTINO'S | Valentino's of America, Inc. (Lincoln, NE) | 3252373 6/12/2007 | 30 | 1/5/2006 |
| | VALENTINO'S | Valentino's of America, Inc. (Lincoln, NE) | 3991393 7/12/2011 [SN:74341624] | 42 | 7/00/1957 |
| | VALENTINO | Zum Ritter, Inc. (Santa Monica, CA) | 4032955 10/4/2011 [SN:7500428] | 42 | 00/00/1971 |
| | PIERO SELVAG-GIO VALENTINO | Valentino Las Vegas, LLC | 4007848 8/9/2011 [SN:76156579] | 42 | 10/7/1999 |

27.     On May 24, 2011, the Commissioner for Trademarks at the PTO issued its Order (the "2011 Order"), setting forth the territorial jurisdictions of each of VALENTINO registrations, which jurisdictions differ markedly from what is contained in the Settlement Agreement:

   a. Defendant's '075 Mark covers the entire United States except for California, Hawaii, New York, Ohio, Washington, D.C., three counties in Oregon (Multnomah, Clackamas and Washington) and one county in Washington (Clark);

   b. Defendant's U.S. Reg. No. 1210072 for the stylized mark, VALENTINO'S, is limited to three counties in Oregon (Multnomah, Clackamas and Washington) and one county in Washington (Clark);

   c. VOA's U.S. Reg. No. 3991393 for the word, VALENTINO'S, is limited to Hawaii, New York, Ohio, Washington, D.C. and California (except for Los Angeles, Orange and Ventura counties);

   d. Zum Ritter's U.S. Reg. No. 4032955 for the word, VALENTINO, encompasses the entire United States except for Lincoln, NE, three counties in Oregon (Multnomah, Clackamas, Washington), and one county in Washington (Clark).

   e. Valentino Las Vegas's U.S. Reg. No. 4007848 for the mark, PIERO SELVAGGIO VALENTINO, is limited to Clark County, NV.

The Certificates of Registration for the VALENTINO registrations are attached hereto as Exhibits 3 ('075 Mark), 4 ('072 Mark), 5 ('393 Mark), 6 ('955 Mark) and 7 ('848 Mark). The 2011 Order is attached hereto as Exhibit 8.

28.     Although the Settlement Agreement contained a statement that the parties would take whatever steps are necessary to prevent actual confusion, it did not establish a buffer zone between the geographical areas of the parties, require the parties to use distinctly different packaging or labeling in association with their marks, or contain any provisions that would avoid a likelihood of confusion.

29. Despite the TTAB's findings in the 2010 Order, the territories stated in the Certificates of Registrations for Defendant's '075 Mark and Zum Ritter's '955 Mark overlap substantially throughout the United States.

### FIRST CLAIM FOR RELIEF
### Declaratory Judgment of Non-Infringement
### based on Descriptive Fair Use (15 U.S.C. § 1115(b)(4))

30. Plaintiff restates and incorporates the allegations contained in Paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. The manner and extent of good faith use by Plaintiff of the name "Valentino Pizzeria Trattoria" constitutes descriptive fair use under 15 U.S.C. § 1115(b)(4).

32. Plaintiff is thus entitled to a judgment of non-infringement of Defendant's Valentino Marks.

### SECOND CLAIM FOR RELIEF
### Declaratory Judgment of Non-Infringement
### Based on Plaintiff's Abandonment of Trademark (15 U.S.C. §1127)

33. Plaintiff restates and incorporates the allegations contained in Paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. Defendant's acts and omissions have caused "Valentino" to lose any significance as an indicator of the source of Defendant's goods and services.

35. Upon information and belief, Defendant has failed adequately to police its trademarks, the direct consequence of which is that there now exist scores, if not hundreds, of pizzerias and restaurants known as "Valentino's" or variations thereon throughout the United States which are owned and operated by third parties.

36. Upon information and belief, Defendant mainly uses the word mark, VALENTINO'S, together with additional words and designs, both registered and unregistered. Such usages constitute material alterations of the '075 Mark which create essentially different impressions from that of the '075 Mark.

37. Upon information and belief, the unregistered design mark, "Valentino's of America, Inc.," which is reproduced below, is used by VOA on its websites as well as on the front doors and menus of most, if not all, Defendant's restaurants.



38. Upon information and belief, sometime prior to 2010, Zum Ritter and/or Valentino Las Vegas, LLC, created an entity known as the "Valentino Restaurant Group."

39. Upon information and belief, in December 2009, the Valentino Restaurant Group opened a "Valentino" restaurant in Houston, TX. A screen capture from the Houston restaurant's website showing the exterior signage of the restaurant is attached hereto as Exhibit 9.

40. The Settlement Agreement does not provide for use of the VALENTINO mark by the Valentino Restaurant Group in Houston, Texas.

41. Upon information and belief, Defendant acquiesced in and/or failed to prevent the use of the VALENTINO mark by the Valentino Restaurant Group in Houston, Texas, where, according to the Settlement Agreement, only Defendant has the right to use said mark or any variation thereof.

42. As a consequence of Defendant's numerous acts and omissions, VALENTINO'S does not and cannot serve as an indicator of the source of Defendant's goods and services, except possibly in specific limited geographic areas outside the State of Florida where Defendant.

43. Plaintiff is thus entitled to a judgment of non-infringement of Defendant's Valentino Marks based on the fact that they have been abandoned.

### THIRD CLAIM FOR RELIEF
**Declaratory Judgment Restricting Defendant's Registrations to Its Actual Areas of Use**

44. Plaintiff restates and incorporates the allegations contained in Paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45. "Valentino" is primarily merely a surname.

46. As used in Defendant's 072 Mark, "Valentino" refers to the deceased Hollywood icon, Rudolph Valentino.

47. Upon information and belief, as used in the '955 and '848 Marks owned respectively by Zum Ritter, Inc. and Valentino Las Vegas, LLC, "Valentino" also refers to the deceased Hollywood icon, Rudolph Valentino. According to the website for the Valentino Restaurant Group,

> The final task was finding the right name. They brainstormed and eventually came up with Valentino. "It reminded us of Rudolph Valentino," recalls Piero, "which we associated with glamour and sophistication and, of course, he was Italian. It was perfect."

48. "Valentino" is commonly used throughout the United States as a name for pizzerias and Italian restaurants.

49. Upon information and belief, the TTAB was not aware at the time it issued the 2010 Decision that the Valentino Restaurant Group had opened a restaurant in Houston, Texas.

50.     Thus, at the time the TTAB issued the 2010 Decision, Zum Ritter had already overstepped the geographical limitations stated in the Settlement Agreement which the TTAB found "sufficient" to prevent a likelihood of confusion and upon which the TTAB based the 2010 Decision.

51.     Moreover, pursuant to both the 2010 Decision and the 2011 Order, the Certificates of Registration of Defendant's '075 Mark and Zum Ritter's 955 Mark, on their face, provide for substantially overlapping territorial jurisdictions.

52.     Given that "Valentino" is primarily merely a surname and is commonly used throughout the United States as a name for pizzerias and Italian restaurants, and in consideration of both the *actual* very limited geographical areas of use of VALENTINO by Defendant, Zum Ritter and Valentino Las Vegas and the overlapping territories designated in the Certificates of Registration of the '075 and '955 Marks, this Court should exercise its authority (a) to void the Settlement Agreement; (b) restrict the territories for each of the registered Valentino Marks, including Defendant's '075 Mark, to their respective actual areas of use; and (c) enter a judgment of non-infringement in favor of Plaintiff.

### FOURTH CLAIM FOR RELIEF
**Cancellation of Plaintiff's Trademark on the Basis of Fraud or Falsity on the Trademark Office**

53.     Plaintiff restates and incorporates the allegations contained in Paragraphs 1 through 52 of this Complaint as if fully set forth herein.

54.     When Defendant's predecessor-in-interest, Valentino's of America, Inc., first sought to register the mark VALENTINO in typed drawing form for "restaurant services" in International Class 42, it admitted that there were concurrent users of the "Valentino" mark in Hawaii, New York, Ohio, Washington, D.C. and California.

55. On July 17, 1995, the TTAB instituted the TTAB Proceeding.

56. The TTAB Proceeding continued for sixteen (16) years until August 30, 2010, when the TTAB issued the 2010 Decision granting the motion by Plaintiff's predecessor-in-interest, Valentino of America Inc., to settle the TTAB Proceeding.

57. Pursuant to the 2010 Decision, Plaintiff's '075 Mark was "ordered restricted to the geographic area comprising the United States, with the exception of Multnomah County, Clackamas County and Washington County, all within the state of Oregon; Clark County in the state of Washington; Clark County in the state of Nevada; and the states of California, Hawaii, New York, Ohio and Washington, D.C.

58. At the same time, the TTAB granted registration for Plaintiff's '393 Mark, which was restricted to the states of Hawaii, New York, Ohio, Washington D.C. and California, except for Los Angeles, Orange and Ventura counties. (The actual date of registration for the '393 Mark is July 12, 2011.)

59. At various times during the pendency of the TTAB Proceeding and prior to the 2011 Order, Defendant became and was aware of scores, if not hundreds, of third parties throughout the United States, including but not limited to third parties in Florida and other states in which Defendant has never owned, operated, licensed and/or franchised a restaurant, who had the right to use and were using VALENTINO as a trademark.

60. During the pendency of the TTAB Proceeding and prior to the 2011 Order, Defendant was aware that the Valentino Restaurant Group opened an Italian restaurant called "Valentino" in Houston, Texas, which was part of Defendant's exclusive territory under the Settlement Agreement.

61.     If Defendant did not know of the facts alleged in paragraphs 59 and 60 above, then it had a reckless disregard for such facts.

62.     Pursuant to 37 C.F.R. Part 2, § 2.42 and 37 C.F.R. Part 10, Defendant and its representatives had a duty to the TTAB and the PTO to disclose the existence and identities of the many other entities that had the right to use and were using VALENTINO as a trademark, and failed to do so.

63.     For the reasons stated above, Defendant procured registration of its Valentino marks in the PTO by materially false or fraudulent declarations, representations and/or omissions, and by materially false means.

64.     Defendant made such materially false or fraudulent declarations, representations and/or omissions, and engaged in such materially false means, with the intent to deceive the PTO and TTAB into believing that Defendant, Zum Ritter, Inc. and Valentino Las Vegas, LLC, were the only lawful users of the name "Valentino" as a trademark and were in full compliance with the Settlement Agreement, when in fact that was not the case.

65.     Had the TTAB and PTO known the truth of the allegations stated above, the TTAB would not have accepted a settlement of the TTAB Proceeding, and neither the TTAB nor the PTO would have permitted the geographical restrictions and registrations for the Valentino Marks.

66.     Consequently, Defendant's '075 Mark, purporting to cover the state of Florida, among other geographical areas, should be cancelled.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Revise prays as follows and requests that the Court:

1. Enter judgment according to the declaratory relief sought;

2. Award Plaintiff its damages sustained as a consequence of the acts complained of herein.

3. Award Plaintiff its costs, expenses and attorneys' fees in this action;

4. Enter such other further relief to which Plaintiff may be entitled as a matter of law or equity, or which the Court determines to be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38 and 57 (F.R.C.P 38 and 57), Plaintiff hereby demands a jury trial on all issues so triable.

Dated: January 15, 2013

Respectfully submitted:

KIRK PINKERTON, PA

By: _____
Steven W. Teppler, Esq.
240 So. Pineapple Avenue
Sarasota, FL 34236
(941) 364-2410 (Phone)
steppler@kirkpinkerton.com E-Mail

GORDON E. R. TROY, PC

By: _____
Gordon E. R. Troy, *Trial Counsel*
3333 Lake Road
PO Box 368
Charlotte, VT 05445
(802) 881-0640 Phone
(646) 588-1962 Fax
gtroy@webtm.com Email

*Attorneys for Plaintiff*

Complaint For Declaratory Judgment Of Non-Infringement  
Mio, LLC v. Valentino's of America, Inc.

Page 16